IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

                                     :
NICOLE ACKERMAN
                                     :

     v.                              :  Civil Action No. DKC 2004-0113

                                     :
TOWN OF LA PLATA, MARYLAND
                                     :


**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the joint motion by Defendants Town of La Plata, Maryland, and Harold E. Cunningham, to dismiss for failure to permit discovery and for additional sanctions. (Paper 72). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied. Defendants' request for additional sanctions will be granted in part.

**I.  Background**

Plaintiff's claims stem from a traffic stop and subsequent arrest on May 31, 2003, conducted by Defendant Harold E. Cunningham, an officer in the La Plata police department. Plaintiff alleges she was physically assaulted and otherwise mistreated by Defendant Cunningham during her arrest. Plaintiff's claims include: (a) federal civil rights violations

under 42 U.S.C. § 1983, and (b) state civil rights violations under Article 26 of the Maryland Declaration of Rights.[1]

On November 16, 2004, Magistrate Judge Day issued an order granting in part Defendants' joint motion to compel discovery. (Paper 43).  Judge Day ordered Plaintiff to supplement her earlier responses to Defendants' interrogatories and to produce requested documents as specified.  On December 6, 2004, Judge Day issued an order granting Defendants' motion to compel Plaintiff's deposition testimony regarding a separate lawsuit in which Plaintiff was a party, and about which Plaintiff had previously refused to testify.  (Paper 45).

Between January and March 2005,  Plaintiff failed to reappear for a second deposition on three separate occasions. Plaintiff offered no explanation for her first absence.  With regard to her second and third absences, Plaintiff notified Defendants a few hours prior to the scheduled times that she would not be able to attend, once due to sickness and once due

---

[1] Plaintiff asserts these claims against Defendants Town of La Plata and Cunningham.  In her complaint, (paper 1), Plaintiff also asserted claims of false imprisonment, false arrest, defamation *per se,* assault, and battery against Defendant Cunningham.  On July 27, 2005, the court granted summary judgment to Defendant Cunningham on these latter claims. (Paper 64).  The only remaining claims are the federal and state civil rights violations.

2

to her counsel's imminent withdrawal.[2]  With regard to supplementing her answers to Defendants' interrogatories, Plaintiff sent defense counsel incomplete and unexecuted answers on or around February 18, 2005.  Plaintiff's response was substantively insufficient, and did not, for example, include specific or complete information on lost wages, medical bills, or other damages related to the incident in question.  On March 7 and March 23, 2005, counsel for Defendants wrote to Plaintiff's counsel and requested executed answers. Plaintiff's counsel did not respond.

 Based on Plaintiff's failure to appear for three scheduled depositions and to supplement answers to their interrogatories, Defendants filed a motion to dismiss on April 1, 2005.  On July 27, 2005, the court denied Defendants' motion, but, recognizing that seven months had passed since Judge Day granted Defendants' two motions to compel, found that some lesser sanction was appropriate.  (Papers 63, 64).  The court directed Plaintiff, within ten days, to "comply fully" with Judge Day's order of November 16, 2004, which identified the interrogatory responses to be supplemented and the documents to be produced.  Assuming Defendants still desired to depose Plaintiff, the court ordered Plaintiff to appear for a deposition within twenty days of the

---

[2] Plaintiff's former counsel withdrew on March 29, 2005.

3

date on which her interrogatory responses were served on Defendants. Although the court found that dismissal was not an appropriate sanction at that time, the court unambiguously stated: "Plaintiff is hereby on notice that further refusal to comply with Defendants' discovery requests and this Order may result in the dismissal of her case."

Plaintiff did not provide supplemental responses to Defendants' interrogatories within ten days of the court's Order. Plaintiff filed supplemental answers to Defendants' interrogatories on September 12, 2005, (paper 71), the day of her rescheduled deposition, but the responses were incomplete and unsigned. On September 21, 2005, Defendants filed a second motion to dismiss for failure to permit discovery, and requested additional sanctions. Plaintiff's response to this motion was due on October 11, 2005; Plaintiff failed to respond. On October 18, 2005, the court ordered Plaintiff to show cause why this case should not be dismissed. On November 1, 2005, Plaintiff responded to the show cause Order, but did not offer any explanation for her failure to comply with the court's July 27, 2005 Order, or to respond to Defendants' motion to dismiss. Instead, Plaintiff filed a one-page opposition memorandum to Defendants' motion to dismiss. In the memorandum, Plaintiff's counsel first states that because he did not enter his

4

appearance for Plaintiff until June 17, 2005, and all "activities complained of by Defendants in their Motion" occurred before that date, he is not responsible. Second, Plaintiff states: "Counsel ha[s] made every attempt to answer all of opposing counsel's discovery request[s] and has requested by letter to counsel that he forward any renewed requests to our office."

## II.  Motion to Dismiss

Fed.R.Civ.P. 37(d) provides:

> If a party . . . fails (1) to appear before an officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions referred to are:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action

5

> in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Fed.R.Civ.P. 37(b). Defendants have requested this court to impose one of the more severe sanctions – dismissal of Plaintiff's case. The drastic sanction of dismissal is authorized, but may not be imposed except in the most compelling circumstances. The court must apply a four-factor test to determine if such circumstances exist:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494,] 503-06 [(4th Cir. 1977)].

*Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Although a severe sanction is appropriate, complete dismissal will not be granted at this time because a less

6

drastic sanction is available to address Plaintiff's conduct. *See Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (stating that the court's "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court").  The court directed Plaintiff to comply fully with Judge Day's November 17, 2004, Order within ten days, which Plaintiff failed to do.  On September 12, 2005, Plaintiff was deposed and finally attempted to comply with Judge Day's other Order, but provided unsigned and incomplete supplemental responses to Defendants' interrogatories, and failed to provide all requested documents.  Although Plaintiff never directly states a reason for her incomplete and untimely filing, in her November 1, 2005, opposition memorandum, Plaintiff's counsel argues that he is not responsible for acts that transpired prior to his assumption of the case (i.e., prior to June 17, 2005), and that Plaintiff has "made every attempt" to answer all of opposing counsel's discovery requests.  This response is insufficient and contradicts the record.

Plaintiff's counsel is incorrect in characterizing the substantive allegations in Defendants' motion to dismiss as involving only events and actions that took place prior to June 17, 2005.  Defendants' renewed motion to dismiss is in direct response to Plaintiff's failure to comply with the court's July 27, 2005, order, and her continued failure to provide complete

answers to interrogatories and requested documents.[3]  Plaintiff still has not provided specific information regarding medical costs incurred and other damages resulting from the incident at issue.  In addition, the evidence shows that Plaintiff has not "made every attempt" to answer all of the outstanding discovery requests.  Following the court's July 27, 2005, order, Defendants sent Plaintiff's counsel a letter on August 11, 2005, specifying the previous filings he should refer to in order to determine which discovery responses were inadequate, and attaching the previous inadequate responses.  Plaintiff did not respond.  On September 1, 2005, an assistant to Plaintiff's counsel sent a letter requesting another copy of the inadequate interrogatory responses and inquiring about what answers needed supplementing.  On September 12, 2005, Plaintiff filed unsigned, incomplete responses to Defendants' interrogatories, and failed to provide all requested documents.  On September 30, 2005, Plaintiff sent a second letter requesting a "list of those requests for which [Defendants felt] we have not been fully responsive," despite the fact that this information is and has been accessible on the court's electronic filing system.

To date, Plaintiff has provided unsigned, incomplete, and inconsistent responses to interrogatories and virtually no

---

[3] For example, in a September 12, 2005, filing, Plaintiff states that with regard to Interrogatories 14 and 24, relating to damages incurred: Plaintiff's counsel is "still gathering information" and "collecting data," and Plaintiff will provide the information "as soon as possible."

8

documentation to support her claim for damages and costs incurred as a result of the incident in question.[4]  In accordance with Fed.R.Civ.P. 37(b), Plaintiff will be prohibited from introducing evidence related to those areas in which she has failed to provide discovery.  Specifically, Plaintiff is prohibited from introducing any evidence regarding: (a) medical and any other expenses incurred as a result of injuries allegedly related to the incident in question, and (b)pecuniary and non-pecuniary damages, including attorneys' fees, that

---

[4] There are multiple inconsistencies in the record.  For example, in Plaintiff's supplemental interrogatory responses of February 18, 2005, Plaintiff states that prior to the incident, she received treatment from Dr. Hussein for depression.  A later supplemental response states Plaintiff received treatment from Drs. Torres, Hussein, and Simon. No documentation or written interrogatory response is provided regarding the details of Plaintiff's "pre-incident" treatment from any of these doctors (e.g., dates of visits, medical records, bills, etc.).  With regard to treatment Plaintiff received following the incident, there are also inconsistent responses.  In her initial response to Defendants' interrogatories, Plaintiff states she received care at Civista Hospital Center.  In an August 19, 2004, letter from Plaintiff's former attorney to defense counsel, the attorney states that Plaintiff may also have received treatment from Drs. Jaffe, Simon, Dillallo, Crivelli, Torres, and DuPuiff. In her third response to Defendants' interrogatories, Plaintiff states she received post-incident treatment only from Drs. Torres, Hussein, and Simon.  Despite the fact that Defendants requested and Judge Day ordered Plaintiff to provide "the full details of each medical, psychiatric, or psychological examination, treatment, or hospitalization [Plaintiff] underwent on or after the date of the occurrence," including the condition for which she sought treatment, the diagnosis, and the prognosis, she still has not provided this information.

Plaintiff claims to have sustained as a result of the alleged incident.[5]

Though the court recognizes that this sanction is severe, "ignoring the direct order[] of the court with impunity . . . must obviously be deterred." *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 93.  As the Fourth Circuit noted, not only does Plaintiff jeopardize Defendants' case through her noncompliance, if the court ignored Plaintiff's "bold challenges to [its] power [it] would encourage other litigants to flirt with similar misconduct."  *Id*. at 92.  Plaintiff's inexcusable failure to comply with an Order of this court and her continued failure to provide discovery must be sanctioned so that similar misconduct is not encouraged in the future.

**III.  Request for Additional Sanctions**

Defendants request the court to order Plaintiff to pay reasonable expenses for her willful failure to permit discovery. Defendants argue that they are entitled to expenses and reasonable attorneys' fees incurred in connection with "corresponding with Plaintiff's counsel regarding outstanding discovery, preparing various motions to compel, preparing for and attending depositions to which Plaintiff inexplicably failed

---

[5] Document request 5 asks Plaintiff to provide "[a]ll bills, statements invoices, or other documents of any description that evidence any loss or damage, including attorney's fees, that [Plaintiff] contends [she] sustained" as a result of the incident.  Plaintiff has not produced any of this information despite Judge Day's direct order.

10

to appear, and the motions for sanctions for Plaintiff's continuous failure to permit discovery."

Fed.R.Civ.P. 37(d), which addresses the failure of a party to attend their deposition, serve answers to interrogatories, or respond to a request for inspection, states: "[T]he court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  *See also* Fed.R.Civ.P. 37(b) (providing for similar sanction for failure to comply with a court order).  Plaintiff's failure to appear for three depositions and her noncompliance with multiple court Orders justify monetary sanctions.  Plaintiff inexcusably failed to attend her January 31, 2005, deposition.  Plaintiff also failed to attend two subsequent rescheduled depositions, and, although Plaintiff did give excuses on these occasions, she provided minimal notice.  The court will therefore grant Defendants' reasonable expenses, including attorneys' fees, associated with Plaintiff's missed depositions.  Based on Plaintiff's failure to comply with Judge Day's Order and with this court's Order of July 27, 2005, the court will also award reasonable expenses, including attorneys' fees, associated with the preparation and filing of Defendants' motion to dismiss and for additional sanctions (paper 72).  Accordingly, Defendants are directed to file a properly supported petition to support their

fees and expenses.  In light of the other sanctions imposed, as well as Plaintiff's earlier "irreconcilable differences" with former counsel and the substitution of new counsel in June 2005, the court will deny Defendants' request for fees and expenses related to their initial motions to compel and for expenses related to correspondence with Plaintiff's counsel.  A separate Order will follow.

```
                            _____/s/_____
                            DEBORAH K. CHASANOW
                            United States District Judge
```